Kansas City Southern Ry. Co. *v.* Whisnant.

5-3598                                          391 S. W. 2d 17

Opinion delivered June 7, 1965.

*Hardin, Barton, Hardin & Jesson,* for appellant.

*Byron Goodson* and *Royce Weisenberger, Jr., Autrey & Goodson,* for appellee.

Ed. F. McFaddin, Associate Justice. This is a case involving damage by fire claimed to have been caused by the train of appellant; and the facts are similar to those in *K. C. Ry. Co. v. Beaty et al.,* 239 Ark. 187, 388 S. W. 2d 79.

The appellees, Whisnant and Parks, own lands north of the main track of the appellant, Kansas City Southern Railway Company, in Sevier County, Arkansas. Some time after noon on October 30, 1963 one of the appellant's freight trains passed near the appellees' lands; fire was immediately discovered on the railroad right of way; there was a strong wind from the south and the fire spread from the right of way to the lands of the appellees and caused the damages here sought. The landowners filed separate actions, which were consolidated for trial. The amount of the damage of each landowner was stipulated; but the appellant railroad company vigorously denied that the fire was caused by its train. Trial of the causes to the Court without a jury resulted in findings and judgments for the landowners, and this appeal resulted. Only one point is urged on appeal: "The evidence is not sufficient to support the verdict and judgment."

We find no merit in appellant's point. Shortly after the train passed near the lands the fire was discovered. Mr. Ted Brown, a disinterested witness, saw the train pass near the Whisnant land and saw the fire and testified that the conductor from the caboose of the train pointed out the fire to the witness. The railroad company never called the conductor to dispute the testimony of the witness Brown.

The town of Mineral is a short distance from the lands of the appellees; and, without objection, the witness J. E. Smith testified as to the fact that the train was setting fires on the right of way at Mineral. The testimony of this witness as abstracted by the appellant is as follows:

"While I was sitting at the table drinking coffee, I saw the fire beginning to burn and I broke and ran and got over there and wiped out two fires and about the time I got the third fire out the caboose of the train passed and the conductor was sitting there looking out of the window and I was beating on the fire and I showed him that he was setting fire. I didn't see any sparks coming out of the train. I don't know whether it came from the stack or whether it was a hot box, I just know the train was setting fires. The fire was beginning to burn at the time the train was pulling through. I pointed this out to the conductor. Later I learned about the fire at Mr. Whisnant's place and on Mrs. Parks' land. I could see the fire on Mrs. Parks' land from where I was. Later I went down there and saw it, the right of way was still burning. We were having extremely dry weather at that time and the wind was blowing from the South."

Mrs. J. E. Smith testified, as abstracted by the appellant, as follows:

"My name is Mrs. Joseph E. Smith and my husband just testified. I saw the fire when it ignited at the Mineral crossing. I was at the window watching. The train was going North and it was shortly after noon. I just went in to wash the dishes and of course I'm interested

in the trains because I have a little dog and I watch the train to see where my dog is. When the train passed I saw fire come from the engine and it ignited immediately. I saw it when it lit and it just flared up.''

Witnesses for the railroad company testified that it was physically and mechanically impossible for any of the five diesel engines here involved to have caused fires; yet the two disinterested witnesses, Mr. and Mrs. Smith, testified that one or more of these identical diesel engines did set fire to the railroad right of way only a few miles from the appellees' lands. Certainly the testimony of the appellant's witness was rebutted.

There is no necessity to detail all of the evidence. It is sufficient to say that there was ample evidence to support the verdict and judgment. As we said at the outset, this case is strikingly similar to the case of *K. C. Ry. Co.* v. *Beaty, supra.*

Affirmed.